IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

WILLIAM HEFLEY,

      Petitioner,

v.

CHRISTOPHER HOLMQUIST,

      Respondent.

_____/

Case No.  5D23-752
LT Case No. 2017-CA-000689

Opinion filed April 20, 2023

Petition for Writ of Prohibition,
Michael J. Rudisill, Respondent Judge.

William Hefley, Lake Mary, pro se.

Richard P. Spence, of The Spence Law Firm, PLLC, Orlando, for Respondent.


ON MOTION FOR REHEARING

LAMBERT, C.J.

Petitioner has moved for rehearing of this court's February 9, 2023 order denying his petition for writ of prohibition.  Although, for the reasons

discussed below, we deny Petitioner's motion, we nevertheless vacate our earlier order and replace it with the following opinion.

Petitioner seeks a writ of prohibition regarding the trial court's order denying, as "legally insufficient or untimely," his motion to disqualify the court from presiding any further in the case below. Our review in such circumstances is de novo. *See Chamberlain v. State*, 881 So. 2d 1087, 1097 (Fla. 2004). We reject, without further discussion, Petitioner's claim that his motion to disqualify was legally sufficient to warrant disqualification. Instead, we address Petitioner's separate argument that because the trial court did not rule on his motion to disqualify no later than thirty days after its service, as required under Florida Rule of General Practice & Judicial Administration 2.330(*l*), the motion must be deemed granted.

According to the certificate of service, Petitioner's motion to disqualify was filed and served on December 16, 2022. The trial court denied the motion on January 17, 2023, some thirty-two days later. At first blush, Petitioner's argument that the trial court's denial order was untimely entered appears correct. However, the thirtieth day for the trial court to have ruled on the motion to disqualify fell on a Sunday, January 15, 2023. The following (thirty-first) day was Martin Luther King, Jr. Day, a legal holiday. Pertinent here, Florida Rule of General Practice & Judicial Administration

2

2.514(a)(1)(C) provides that, when computing time periods specified in any rule of procedure, local rule, court order, or statute that does not specify a method of computing time, when the last day of the period is a Saturday, Sunday, or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

Therefore, the last day for the trial court to have timely ruled on Petitioner's motion to disqualify was January 17, 2023, which is the date of the denial order. As such, because the trial court timely rendered its written order and, as previously mentioned, the motion was legally insufficient, the petition for writ of prohibition is denied.

PETITION DENIED.

MAKAR and BOATWRIGHT, JJ., concur.